### B. W. Harris *v.* The State.

A Recognizance for an Appeal recited that the defendant was " charged with carrying a gun on election day." *Held,* that, as the mere carrying of a gun on an election day is not an offense against the law, the recognizance is defective in failing to make it apparent that the defendant is accused of an offense against the laws.

Appeal from the County Court of Collin. Tried below before the Hon. T. C. Goodner, County Judge.

*Throckmorton, Brown & Bro.*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

WHITE, J. The assistant attorney general moves the court to dismiss this case for the want of a proper recognizance. The 3d requisite to the validity of a recognizance, as provided by our statute (Pasc. Dig., Art. 2731), is "that it appear by the recognizance that the defendant is accused of an offense against the laws of this state." The original recognizance in this case states that the defendant "is charged with the offense of carrying a gun on election day." It is no offense simply to carry a gun on the day of an election; the offense, as defined by statute, consists in carrying it "on any day of election, during the hours the polls are open, within the distance of one-half mile of any place of election." 2 Pasc. Dig., Art. 6490. The amended recognizance was conditioned to be void, provided defendant was guilty of the act with which he was charged. See *J. L. Harris* v. *The State,* just decided by this court at this term, *post* p. 615.

The motion is sustained and the appeal is dismissed.
*Dismissed.*